PEDRO JUAN ALBERIO QUIÑONES, Plaintiff and Appellant, *v.* COMMONWEALTH OF PUERTO RICO, Defendant and Appellee.

No. R-63-99.     Decided September 22, 1964.

*Roberto Armstrong, Jr.,* for appellant. *J. B. Fernández Badillo, Solicitor General,* and *Irene Curbelo, Assistant Solicitor General,* for appellee.

Division composed of Mr. Justice Belaval, as Chief Judge of Division, Mr. Justice Hernández Matos, and Mr. Justice Santana Becerra.

MR. JUSTICE BELAVAL delivered the opinion of the Court.

Appellant filed a complaint against the Commonwealth of Puerto Rico pursuant to the authorization granted by § 2 of Act No. 104 of June 29, 1955, alleging: (a) that on November 2, 1961, in Puerto Rico, he was lawfully carrying on his person a firearm, since he was an officer of the Federal Customs Service; (b) that on that date and at that place two agents of the Detective Division of the Police of the Commonwealth of Puerto Rico, acting in their capacity and

in the course of their duties as such, through fault and negligence, caused damage to appellant by subjecting him in public to a search of his person and his clothes, in violation of his constitutional right against unreasonable searches and seizures and against the principle of inviolability of the human being; notwithstanding appellant informed the detectives that he was a federal officer and showed them his official credentials, they paid no heed to his explanations and humiliated him in public by taking from him the weapon which he was lawfully bearing; that appellant was unlawfully arrested and imprisoned, having been handcuffed and exhibited like that in public; his right to appear before a magistrate was unjustifiedly delayed; he was prevented from procuring sureties promptly; and they took photographs of him with numbers of identification of prisoners, fingerprints, and included his name in public registers to which the press has access, which information was published in newspapers of wide circulation, all of which has caused appellant great humiliation, physical pain, and mental anguish, wherefore appellant claims indemnity and return of all the photographs and cards of fingerprints unlawfully taken during his illegal arrest and imprisonment, eliminating from all public registers any reference which may be prejudicial to him.

The Commonwealth of Puerto Rico appeared and moved for dismissal of the complaint, alleging that the complaint did not state facts sufficient to constitute a cause of action against the State. The trial court, speaking through Judge J. M. Calderón, Jr., granted the dismissal on the ground that plaintiff, appellant herein, had no right under any state of facts alleged which could be proved in support of his claim, pursuant to § 6 of Act No. 104 of June 29, 1955— 32 L.P.R.A. § 3081 (Cum. Supp. 1963, p. 47)—according to which actions against the State do not lie by reason of an act or omission (a) in enforcing a law or regulation,

even if the said law or regulation proves to be invalid; (b) in the discharge of a function of a discretional nature, even when there has been an abuse of discretion; (c) in the levying and collecting of taxes; (d) which constitutes assault, battery, or any other offense against the person, unlawful imprisonment, unlawful arrest, malicious persecution, slander, libel, defamation, misrepresentation, or imposture; (e) which occurred outside the territorial jurisdiction of the Commonwealth; (f) in the performance of combat operations of the armed forces, land or sea, in times of war, invasion, rebellion or any other emergency duly declared as such by the pertinent authorities.

In his petition for review before this Court appellant alleges that the court of instance erred, among other things, in ruling that plaintiff, appellant herein, had no right to any remedy under any of the assumptions of facts alleged which could be proved, and in applying in this case § 6 of Act No. 104 of June 29, 1955, without there being in the record an answer of defendant and without having given plaintiff an opportunity to present his evidence.

■ The case of *Meléndez* v. *Commonwealth*, 81 P.R.R. 798, 801 (Pérez Pimentel) (1960), relating to § 6(d) of Act No. 104 *supra*, established a well-reasoned rule of construction of those exceptions: "In our opinion it was not the intention of the Legislature in approving said subdivision (d) to maintain the immunity of the Commonwealth against claims for damages caused by the reckless and negligent acts of its officers, agents or employees. What it had in mind rather was to maintain the immunity of the Commonwealth against suits originated by those wrongful acts committed deliberately or intentionally by its officers, agents or employees."

It is, incidentally, on the discovery of this intention, this surreptitious conduct, under color of authority, on which the judicial refinement should be inspired. See, also, *Miguel* v.

*Hernáiz Targa & Co.*, 51 P.R.R. 568, 574 (Travieso) (1937), the decision of which grants a cause of action to every person subjected to an illegal arrest or seizure. We do not believe that in the present state of our law and our decisions a valid distinction may be made between the liability of a private person and the State in the event of damage caused through negligence. *Montes* v. *State Insurance Fund*, 87 P.R.R. 187, 196 (Dávila) (1963). Naturally, this should be understood within the State's immunity from liability established by Act No. 104 of 1955, for damages caused through malice or criminal intent.

■ It is our opinion that the action of the trial court dismissing the complaint is not proper in view of the facts alleged which presuppose, at least, an illegal search and arrest the intention of which should be established by the evidence. We are also concerned with the effect of the insertion in a criminal register, when the search and the arrest afford no basis for the commission of an offense, of the provision contained in § 8, Art. II of the Constitution of the Commonwealth of Puerto Rico in the sense that: "Every person has the right to the protection of law against abusive attacks on his honor, *reputation* and private or family life." The fact that a law has not been enacted defining privacy rights does not relieve us from our duty to give effect to that provision, since it is known that all constitutional provisions are, by their own nature, of privileged norm under the legislation, self-exercisable.

The orders of the Superior Court of Puerto Rico, San Juan Part, of December 26, 1962 and February 1, 1963, granting the dismissal and denying reconsideration of such dismissal, and the judgment of March 8, 1963, dismissing the complaint definitively, are expressly reversed. The court of instance shall grant instead a period to the Commonwealth

of Puerto Rico to file its answer on the merits, and shall proceed to hear the case on the merits.